IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE CHARLES COHEN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 10-35J |
| | ) | |
| v. | ) | Judge Gibson |
| | ) | Magistrate Judge Bissoon |
| HARLEY G. LAPPIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is recommended that the instant Petition for Writ of Habeas Corpus be dismissed *sua sponte* because it fails to assert grounds cognizable under 28 U.S.C. § 2241.

## II. REPORT

Leslie Charles Cohen is a federal prisoner who has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 asserting that: (1) his custody level and security designation are being adversely impacted by a detainer lodged by the Bureau of Immigration and Customs Enforcement ("BICE"); (2) his custody level and security designation are being adversely effected by a "false INTERPOL" detainer; (3) he is being forced to work in violation of the Bureau of Prison's own regulations; (4) his Eighth Amendment rights have been violated by inadequate medical care, and a denial of medical care; (5) the Bureau of Prisons improperly increased his custody classification on the basis of foreign convictions more than 30 years old; (6) he has been discriminated against on the basis of his religion and has been denied freedom of religion when religious articles were taken from him; (7) he was denied access to the courts and

also denied due process in prison disciplinary proceedings; and (8) he has been subjected to anti-semitic remarks by prison staff (Doc. 1).

It is well settled that relief requested through a petition for writ of habeas corpus is limited.  See e.g., Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).  The "core of habeas" lies in a challenge to "the validity of the continued conviction or the fact or length of the sentence."  Id. at 542.  A prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody."  Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  On the other hand, claims challenging the conditions of confinement must be brought in a Bivens action.  See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971);  Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004).  Claims that do not directly implicate the fact or duration of an inmate's confinement may not be pursued by means of a habeas corpus petition.  Leamer, 288 F.3d at 542; Bronson v. Demming, 56 Fed.Appx. 551, 553-54 (3d Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint).

Here, the Court lacks jurisdiction to address Petitioner's first two grounds for relief, i.e., that he is subject to two "improper" detainers during his federal incarceration, because Petitioner is not "in custody" pursuant to those detainers as is required to seek relief pursuant to § 2241.  Green v. Apker, 153 Fed.Appx. 77, 79 (3d Cir. 2005) (challenge to BICE detainer by prisoner

incarcerated on criminal conviction not properly brought under § 2241 because prisoner is not "in custody" pursuant to detainer).

Petitioner's third, fourth, sixth, seventh and eighth grounds for relief do not implicate the length or duration of Petitioner's confinement, and are classic prison condition claims that must be pursued in a Bivens action.

Finally, Petitioner's fifth ground for relief, asserting an error in the Bureau of Prison's computation of his custody level, is likewise not cognizable in a § 2241 petition. See, Levi v. Ebbert, 2009 WL 4196470, *1 (3d Cir. Nov. 30, 2009) ("We agree with the District Court that Levi's claims concerning the determination of his custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition."). This case is distinguishable from Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2006), where the Court permitted a § 2241 challenge to a regulation limiting a prisoner's ability to obtain a transfer to a Community Corrections Center ("CCC") because of the substantial differences between confinement in a federal prison and confinement in a CCC. In distinguishing Woodall, the Court of Appeals has held that a challenge to a "garden-variety" transfer to another institution is not cognizable in the habeas context absent an attendant "quantum change" in the level of custody. Ganim v. Fed. Bureau of Prisons, 235 F.Appx. 882, 883 (3d Cir. 2007). Petitioner's challenge here is not to a "quantum change" in the type of confinement he is experiencing, but is a more mundane challenge to the computation of his custody level, as was the case in Levi. This Court lacks jurisdiction over Petitioner's claim that his custody level was improperly computed.[1]

---

[1] Petitioner's claim would fail even if it were cognizable because it is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement. See, Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

### III. **CONCLUSION**

It is recommended that the Petition for Writ of Habeas Corpus filed by Leslie Charles Cohen be dismissed without prejudice to his right to file a civil rights action with respect to some of the grounds raised in this petition.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by February 18, 2010.  Failure to timely file objections may constitute a waiver of any appellate rights.

February 4, 2010                                      s/Cathy Bissoon
                                                      Cathy Bissoon
                                                      United States Magistrate Judge

cc:
Leslie Charles Cohen
Reg. No. 29789-008
CI Moshannon Valley
555 Cornell Drive
Philipsburg, PA  16866